**IN THE UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**In re:**

**LOUIS J. PEARLMAN,** *et al.,*   Case No. 6:07-bk-00761-ABB
                                   Chapter 11
         **Debtor.**                Jointly Administered
_____/

**SONEET R. KAPILA, as CHAPTER 11**
**TRUSTEE for TRANS CONTINENTAL**
**AIRLINES, INC.,**

    **Plaintiff,**

**v.**                              Adv. P. No. 6:09-ap-00681-ABB

**SAM LICATA AND SYBIL HALL,**

    **Defendants.**

---

### DEFENDANT'S ANSWER TO COMPLAINT

---

COMES NOW the Defendants, SAM LICATA and SYBIL HALL, by and through its undersigned counsel, and for its answer to the First Amended Complaint states:

### NATURE OF THE ACTION

1.    Defendants admit paragraph 1 for jurisdictional purposes only; otherwise, it is denied.

### JURISDICTION AND VENUE

2. Admitted.

3. Admitted.

4. Admitted.

## PARTIES

5. Defendants are without knowledge of, and therefore deny the facts alleged in paragraph 5 of the Complaint.

6. Denied. Licata is a resident of Orange County, California.

7. Denied. Hall is a resident of Orange County, California.

8. Defendant denies the allegations contained in paragraph 8 of the Complaint.

## FACTUAL BACKGROUND

9. Defendants are without knowledge of, and therefore deny the facts alleged in paragraph 9 of the Complaint.

10. Defendants are without knowledge of, and therefore deny the facts alleged in paragraph 10 of the Complaint.

11. Defendants are without knowledge of, and therefore deny the facts alleged in paragraph 11 of the Complaint.

12. Defendants are without knowledge of, and therefore deny the facts alleged in paragraph 12 of the Complaint.

13. Defendants are without knowledge of, and therefore deny the facts alleged in paragraph 13 of the Complaint.

14. Defendants are without knowledge of, and therefore deny the facts alleged in paragraph 14 of the Complaint.

15. Defendants are without knowledge of, and therefore deny the facts alleged in paragraph 15 of the Complaint.

16. Defendants are without knowledge of, and therefore deny the facts alleged in paragraph 16 of the Complaint.

## THE EISA PROGRAM

17. Defendants are without knowledge of, and therefore deny the facts alleged in paragraph 17 of the Complaint.

18. Defendants are without knowledge of, and therefore deny the facts alleged in paragraph 18 of the Amended Complaint.

19. Defendants are without knowledge of, and therefore deny the facts alleged in paragraph 19 of the Complaint.

20. Defendants are without knowledge of, and therefore deny the facts alleged in paragraph 20 of the Complaint.

21. Defendants are without knowledge of, and therefore deny the facts alleged in paragraph 21 of the Complaint.

22. Defendants are without knowledge of, and therefore deny the facts alleged in paragraph 22 of the Complaint.

23. Defendants are without knowledge of, and therefore deny the facts alleged in paragraph 23 of the Complaint.

24. Defendants are without knowledge of, and therefore deny the facts alleged in paragraph 24 of the Complaint.

## THE BANK FRAUD SCHEME

25. Defendants are without knowledge of, and therefore deny the facts alleged in paragraph 25 of the Complaint.

26. Defendants are without knowledge of, and therefore deny the facts alleged in paragraph 26 of the Complaint.

27. Defendants are without knowledge of, and therefore deny the facts alleged in

paragraph 27 of the Complaint.

28. Defendants are without knowledge of, and therefore deny the facts alleged in paragraph 28 of the Complaint.

29. Defendants are without knowledge of, and therefore deny the facts alleged in paragraph 29 of the Complaint.

## **TRANSFERS TO OR FOR THE BENEFIT OF THE DEFENDANTS**

30. Admitted.

31. Admitted.

32. Admitted that Louis J. Pearlman Enterprises, Inc. ("LJPE") was not a named defendant. Denied that Defendants did not make any claims against affiliates, including LJPE. Defendants' Complaint (and amended complaints) made claims and allegations against, Louis J. Pearlman, as well as other known and unknown business entities which Pearlman formed and/or incorporated, and further alleged the Pearlman "created, maintained, and interchangeably used various corporate entities," including, but not limited to the named defendants Backstreet Boys, Inc., an administratively dissolved Florida corporation, Backstreet Boys, Inc., a Delaware corporation, Backstreet Management, Inc., Backstreet Productions, Inc., Trans-Action, L.C., Transcontinental Media, Inc., and Transcontinental Records, Inc.

33. Admitted that Defendants and the Pearlman Defendants entered into settlement agreements. Denied that LJPE was not obligated to make any payments to the Defendants under the Settlement Agreements as claims were made against the Pearlman Defendants' affiliates, including LJPE.

34. Defendants are without knowledge of what LJPE transferred to Foley &

Lardner, LLP. Upon information and belief, Louis J. Pearlman personally transferred $675,000.00 to LJPE on June 15, 2006 and made other inter-company transfers. Defendants admit that they received settlement monies pursuant to a "Confidential Settlement Agreement and Mutual Release" on or about April 17, 2006, and subsequent thereto, via wire transfers from the law firm of Foley & Larder, LLP in Orlando, Florida. The amounts and terms are subject to a confidentiality clause in the Settlement Agreement. Denied that Foley & Lardner, LLP was a "mere conduit."

35. Defendants are without knowledge of what LJPE transferred to Foley & Lardner, LLP. Upon information and belief, Louis J. Pearlman personally transferred $675,000.00 to LJPE on June 15, 2006 and made other inter-company transfers. Defendants admit that they received settlement monies pursuant to a "Confidential Settlement Agreement and Mutual Release" on or about April 17, 2006, and subsequent thereto, via wire transfers from the law firm of Foley & Larder, LLP in Orlando, Florida. The amounts and terms are subject to a confidentiality clause in the Settlement Agreement. Denied that Foley & Lardner, LLP was a "mere conduit."

36. Denied. LJPE was an affiliate whose assets were exposed to judgments against Pearlman for damages, including punitive damages. Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and therefore deny.

37. Denied that LJPE was not indirectly indebted, as its assets were exposed to judgments against Pearlman. Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and therefore deny.

## COUNT I

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Admitted for jurisdictional purposes only. All other allegations in paragraph 39 of the Complaint are denied.

40. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and therefore deny.

41. Denied.

42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and therefore deny.

43. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Amended Complaint and therefore deny.

44. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and therefore deny.

45. Defendants deny the allegations contained in paragraph 45 of the Amended Complaint.

46. The allegations contained in paragraph 46 of the Complaint are legal conclusions to which a response is not required. To the extent the allegations are factual in nature, they are denied.

## COUNT II

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Admitted for jurisdictional purposes only. All other allegations in paragraph 48 of the Complaint are denied.

49. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and therefore deny.

50. Denied.

51. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and therefore deny.

52. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and therefore deny. Further, Foley & Lardner, LLP represented to Defendants that Pearlman had a personal net worth of $45,000,000.00.

53. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint and therefore deny. Further, Foley & Lardner, LLP represented to Defendants that Pearlman had a personal net worth of $45,000,000.00.

54. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint and therefore deny.

55. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and therefore deny.

56. Denied.

## COUNT III

57. Defendants deny the allegations contained in paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in paragraph 61 of the Complaint. Defendants would show that Debtors received reasonably equivalent value.

62. Defendants deny the allegations contained in paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in paragraph 63 of the Complaint.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff may not avoid the transfers because the Defendants were induced to accept transfers by Debtor, and the transferee of Debtor's funds, Foley & Lardner, LLP who warranted that Debtor was able to pay and had a substantial personal net worth.

## THIRD DEFENSE

Plaintiff may not avoid the transfers because Debtor had a contractual obligation to pay Defendants monies held in the Foley & Lardner account as part of the Settlement Agreement.

## FOURTH DEFENSE

Plaintiff may not avoid the transfers because (a) Defendants received the money from Foley & Lardner in good faith and without knowledge of the Ponzi scheme, and (b) received the transfers in good faith and in exchange for reasonably equivalent value, namely the release of various claims against Debtor and various entities owned by Debtor.

## FIFTH DEFENSE

Plaintiff may not avoid the transfers because it is believed that Debtor (a) commingled funds during the time that the alleged transfers took place, (b) was still receiving legitimate

business income at the time the transfer took place, so it is impossible to know whether the funds received by Defendants were legitimate business profits or deposits from "investors", and (c) portions, if not all, of the transfers came from parties other than LJPE, namely Louis J. Pearlman and Transcontinental Records, Inc.

### SIXTH DEFENSE

The alleged transfers were a dollar-for-dollar satisfaction of an antecedent debt owed to Defendants by the owner of LJPE for approximately $14,145,989.00 that to the extent Defendants had not been paid the amount owed, Defendants would have had a claim against the Estate for any judgment, unpaid interest, unpaid debts, and punitive damages relating to the Settlement Agreement and released claims.

### SEVENTH DEFENSE

Defendants reserve the right to add additional affirmative defenses or to amend his Answer as additional facts become known via discovery.

**WHEREFORE,** Defendants respectfully requests that:

1. The Complaint be dismissed in its entirety;
2. Plaintiffs be responsible and taxed for all costs of this action;
3. Defendants recover their reasonable attorneys fees and costs; and
4. Defendants have such other and further relief to which he may prove entitled.

Respectfully submitted,

LASSITER TIDWELL
DAVIS KELLER & HOGAN, PLLC

By:  /s/     *Jason L. Turner*
Jason L. Turner
Florida Bar No.: 747661
1850 One Nashville Place
150 Fourth Avenue North
Nashville, TN 37219
Phone:(615) 259-9344
Fax:    (615) 242-4214
jturner@lassiterlaw.com

OF COUNSEL:

/s/ Henry E. Hildebrand, III
Henry E. Hildebrand, III, Esq.
150 Fourth Avenue North, Suite 1850
Nashville, TN 37219
TN BPR No.: 004630
Phone: (615) 259-9344
Fax:    (615) 687-3275

*Attorneys for Defendants Sam Licata and Sybil Hall*

# **CERTIFICATE OF SERVICE**

I certify that I served a true and correct copy of the foregoing Disclosure of Corporate Interest through the Court's ECF system if available, or by placing same in the U.S. Mail, first-class and postage pre-paid, to the following persons or parties:

Paul J. Battista, Esq.
Genovese Joblove & Battista, P.A.
Special Counsel for the Trustee
100 S.E. Second Street, Suite 3600
Miami, Florida 33131
Tel. (305) 349-2300
Fax. (305) 349-2310

James E. Foster, Esquire
Akerman Senterfitt
420 S. Orange Ave., Suite 1200
Post Office Box 231
Orlando, FL 32801

Michael I. Goldberg, Esquire
Akerman Senterfitt
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Ft. Lauderdale, FL 33301-2229

Soneet R. Kapila
Bankruptcy Trustee
Post Office Box 14213
Fort Lauderdale, FL 33302

on this the 15th day of October, 2009.

/s/ Jason L. Turner
Jason L. Turner